Argued and submitted November 26, affirmed December 29, 1980

STATE OF OREGON,
*Respondent,*
*v.*
MICHAEL LEE HARVEY,
*Appellant.*

(No. 10-79-11793, CA 18258)

621 P2d 101

Richard Smurthwaite, Public Defender Services of Lane County, Inc., Eugene, argued the cause for appellant. On the brief was Robert J. Larson, Public Defender, Eugene.

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for respondent. With him on the briefs were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

PER CURIAM.

## PER CURIAM.

Defendant appeals his conviction for Attempted Unauthorized Use of a Motor Vehicle, asserting that the trial court erred by denying his motion to dismiss the charge on grounds of former jeopardy. Or Const, Art I, § 12; ORS 131.515(2).

■■ Defendant escaped from the Oregon State Correctional Institution (OSCI) while on a work release program in Lane County. He was charged in Marion County for the escape, and was also indicted for Unauthorized Use of a Motor Vehicle in Lane County. Defendant plead guilty[1] in Marion County to Escape in the Second Degree and then moved to dismiss the Unauthorized Use indictment in Lane County on grounds of former prosecution. ORS 131.515(2) provides:

> "No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

The only evidence in the record regarding the elements of defendant's claim is a copy of a letter from the Superintendent of OSCI to the Marion County District Attorney in which OSCI requested issuance of an arrest warrant for defendant's escape. The pertinent part of the letter reads as follows:

> "Circumstances of Escape: Subject left work in a stolen vehicle at about 10:30 am. He was employed by the Goodwill Industries of Lane County."

Defendant did not request a hearing to adduce evidence on his motion, and the only other information before the trial court was in the form of a conclusory affidavit by defense counsel.[2] We cannot, on the basis of

---

[1] Defendant's guilty plea constitutes a prior prosecution within the meaning of ORS 131.515.

[2] Defendant argues in brief that the state adopted his version of the facts by its Memorandum in Opposition to Motion to Dismiss. We find no such memorandum in the record. Moreover, although a Memorandum in Opposition to Motion to Dismiss is appended to defendant's brief, that document contains neither a discussion of facts nor an adoption of plaintiff's version of the facts.

this record, determine that the trial court erred by denying defendant's motion to dismiss.

Affirmed.